IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60420
Summary Calendar
_____


DOROTHY FRAZIER, Individually And As Executrix of The Estate
of Lee Frazier, Deceased,

                                    Plaintiff-Appellant,

versus

COOPER TIRE & RUBBER COMPANY; ET AL.,

                                    Defendants,

COOPER TIRE & RUBBER COMPANY; 1993 PENSION &
INSURANCE PROGRAM,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:97-CV-15-D-D
--------------------
April 3, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:*

     Dorothy Frazier appeals the district court's dismissal of
her claims against Cooper Tire & Rubber Company for denial of
insurance benefits and an alleged breach of fiduciary duty.
Cooper based the denial of benefits on a factual determination
that a surgical procedure performed on Mrs. Frazier's husband was

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

not medically necessary. We review that determination for an abuse of discretion, and we will reverse only if the decision was not supported by substantial evidence. See Meditrust Financial Servs. Corp. v. Sterling Chemicals, Inc., 168 F.3d 211, 214-15 (5th Cir. 1999) (a determination that treatment is not medically necessary is a factual determination reviewed for abuse of discretion). The record supports Cooper's decision, which was based on three separate evaluations of medical records by a qualified physician. See id. at 215. Thus, Cooper did not abuse its discretion.

We reject the plaintiff's contention that any apparent conflict of interest rendered the decision arbitrary and capricious. See Vega v. National Life Ins. Servs., Inc., 188 F.3d 287, 296-97 (5th Cir. 1999) (en banc). Assuming that a conflict existed, it is only one factor to be considered. See id. As the record supports Cooper's decision, we cannot say that a conflict, if any, alone rendered the denial unreasonable. See id.

Finally, the plaintiff contends that Cooper breached its duty to inform her of its denial and of administrative remedies. The record is devoid of any evidence to support this assertion. Further, the plaintiff's brief does not adequately address this claim and it is, therefore, deemed abandoned. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994).

AFFIRMED